TAYLOR, Presiding Judge.
The appellant, Leon David Walker III, was convicted in Montgomery Municipal Court for driving under the influence (“DUI”) pursuant to the Montgomery Municipal Ordinance No. 125-79, which incorporates by reference § 32-5A-191, Code of Alabama 1975. The appellant appealed for a trial de novo in the Circuit Court for Montgomery County. In circuit court, he pleaded guilty to DUI and was sentenced to 60 days in the county jail. That sentence was suspended and he was placed on unsupervised probation for one year and was ordered to pay court costs and a $400 fine. The appellant raises only one issue on appeal.
The appellant contends that the penalties provision included in § 32-5A-191, the DUI statute, was enacted after the City of Montgomery’s adoption of ordinance no.125-79, and, therefore, could not lawfully be applied to him. The city ordinance addressing the adoption of state law into the municipal code provides as follows:
“BE IT ORDAINED BY THE COUNCIL OF THE CITY OF MONTGOMERY, ALABAMA, That Section 1-8 of the City Code is hereby amended to read as follows:
“Section 1. Any person or corporation committing an offense within the corporate limits of the city of Montgomery, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a misdemeanor, shall be guilty of an offense against the City of Montgomery, Alabama.

“Section 2. Any person or corporation committing an offense within the corporate limits of the City of Montgomery, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a violation, shall be guilty of an offense against the City of Montgomery, Alabama.

“Section S. Any person or corporation committing within the corporate limits of the City of Montgomery, Alabama, or within the police jurisdiction thereof, an offense as defined by Section 13A-1-2 of the Alabama Criminal Code, which offense is not declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a felony, misdemeanor or violation, shall be guilty of an offense against the City of Montgomery, Alabama.
“Section 4. Any person found to be in violation of Sections One (1), Two (2) or Three (3) of this ordinance shall, upon conviction, be punished by a fine or not less than One Dollar ($1.00) nor more than Five Hundred Dollars ($500.00) and/or may be imprisoned or sentenced to hard labor for the city for a period not exceed *253 ing six (6) months, at the discretion of the Court trying the case. Any corporation found to be in violation of Section One (1), Two (2) or Three (3) of this ordinance shall, upon conviction, be punished by a fine of not less than One Dollar ($1.00) nor more than Five Hundred Dollars ($500.00), at the discretion of the court trying the case.
“Section 5. All ordinances heretofore adopted by the Council of the City of Montgomery, Alabama, which declared all State misdemeanors to be municipal offenses are hereby expressly repealed.
“Section 6. If any part, section or subdivision of this ordinance shall be held unconstitutional or invalid for any reason, such holding shall not be construed to invalidate or impair the remainder of this ordinance, which shall continue in full force and effect notwithstanding such holding.
“Section 7. This ordinance shall become effective on January 1,1980.”
(Emphasis added.)
The appellant contends that the Circuit Court for Montgomery County had jurisdiction to hear his case based on ordinance no.125-79 alone and not on the state statute, because, he says, the ordinance was not amended to reflect the amendments to § 32-5A-191 enacted after the adoption of ordinance no.125-79. After a review of the record, we see that the uniform traffic ticket and complaint, the charging instrument, specifically charged the appellant with violating one of those sections of § 32-5A-191 that was adopted after the effective date of ordinance no.125-79.
The appellant strongly argues that because the Montgomery ordinance has not been amended to include any of the amendments to § 32-5A-191 enacted after its effective date, the conviction should be reversed. He further contends that when he entered his guilty plea, he should have been sentenced pursuant to section 4 of ordinance no.125-79. Section 1-8 of the Montgomery Municipal Code clearly indicates that “[a]ny person or corporation committing an offense within the corporate limits of the City of Montgomery, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a violation, shall be guilty of an offense against the City.” (Emphasis added.)
The language of section 1-8 clearly indicates that any amendments to the state statutes are to be encompassed in the ordinance; therefore, the appellant’s sentence, imposed pursuant to § 32-5A-191, was appropriate. This section allows a municipality to charge persons who have committed a misdemeanor, as that term is defined by state law, without having to formally adopt that state law as an ordinance of the city. See Thornell v. City of Montgomery, 695 So.2d 253 (Ala.Cr.App.1996).
The appellant was correctly sentenced, and the Circuit Court for Montgomery County had jurisdiction to impose sentence on the appellant pursuant to his plea of guilty to the charge of driving under the influence.
This case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.